NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZELAIDA CRISTINA MEDRANO-GUARDADO; JUSTIN ALEXANDER DE LEON-MEDRANO, A Juvenile Male, | No.    16-70752 |
| | Agency Nos.    A206-779-358 |
| Petitioners, | A206-779-359 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Zelaida Cristina Medrano-Guardado and her minor son (together,
"Petitioners"), natives and citizens of El Salvador, petition for review of the Board
of Immigration Appeals' ("BIA") order dismissing Petitioners' appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying Petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's denial of Petitioners' asylum claim.

Petitioners have not experienced past persecution, and while their family and friends have suffered violence, Petitioners fail to show that this violence was "part of 'a pattern of persecution closely tied to'" Petitioners. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting *Arriega-Barreintos v. I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991)). Petitioners claim they will suffer violence at the hands of gangs in El Salvador, but their general fear of violent conditions is insufficient to support a claim for asylum. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground"). To the extent Petitioners claim they will be persecuted on account of their family membership, they present no evidence indicating that the violence they fear will be motivated by

their membership in this group.  *See id.*  To the extent Petitioners claim they will be persecuted on account of social condition of "kleptocracy," they also fail to connect this fear to any protected ground.  *See id.*  Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims.  *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

Petitioners do not challenge the BIAs' determination that their other proposed social groups, "Salvadoran returnees perceived to be wealthy" and "potential victims of criminal organizations without the means to provide protection from the criminal organizations," are insufficiently particular or socially distinct to qualify as social groups.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).  To the extent they argue they will suffer persecution on account of a "political opinion," their argument is unsupported by the record.

Because Petitioners cannot demonstrate past persecution or a well-founded fear of future persecution to support their asylum claim, their withholding of removal claim likewise fails.  *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

Substantial evidence supports the agency's denial of CAT relief because Petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**